PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SERGIO S. PEÑA, Defendant and Appellant.

No. 4624. Argued February 16, 1932.—Decided February 23, 1933.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Dr. Sergio S. Peña took this appeal from a judgment whereby he was convicted of carrying a weapon.

When the appellant was arrested by the police on a verbal order of the District Court of Humacao and for a reason different from that which gave rise to this appeal, as he was leaving the house of a sick woman one night, a revolver was found in his surgical instrument case. On the following day, the district attorney filed in the office of the clerk of the District Court of Humacao an information charging the appellant with the offense of carrying a prohibited weapon, and when the information was read to Dr. Peña four days later, he moved the court to grant him five days to plead thereto, but he was granted only until the afternoon of the same day. When the defendant then appeared in court he alleged in writing that the said court lacked jurisdiction in the case because no information had been filed before the court by the district attorney, for which reason no presentment existed, and he moved to dismiss the prosecution. According to the minutes of the court for that day, the motion to dismiss was denied and the accused then pleaded not guilty and the trial was set for four days later, although it was subsequently continued until another date. The regular district judge abstained from proceeding further (*se inhibió*) in the case and another judge was assigned to try the same. Before him the defendant reproduced his motion based on the ground already stated, which was denied and the defendant took an exception. From the record it appears that the district attorney filed the information in the office of the clerk of the court and that he did not present it to the court at a public session before it was read to the appellant. The refusal to dismiss on the said ground is assigned as error in this appeal.

In the case of *People* v. *Rodríguez*, decided today, *ante*, p. 557, a similar objection was not raised by the defendant when the information was read to him, but later. After a careful study of that question we said in that case

that under the law in force in this island, all accusations, whether preferred by the district attorney alone or presented by the grand jury, must be filed in open court; and we added the following: ''Now then, what effect would the failure to comply strictly with the statute have on the further proceedings? When the information is read to the defendant, an act which is done in open court, the information necessarily has to be in open court. It was filed with the clerk, but it did not remain in his office. It came to a public session. If, at the time the information is read to him the defendant raises the question, his right should be immediately acknowledged. How? By considering the information as filed by the district attorney, then and there, in open court, and setting a day for the arraignment, when the accused may be granted the time necessary for him to plead to the information by setting up such defenses as he may deem pertinent to his right. If the accused raises no objection, it should be understood that the proceedings will continue without any hindrance, in accordance with the law, since the violation of a substantial right is not involved.''

Applying the above doctrine to the case at bar, since the appellant at the first opportunity he had for making an objection to the information, raised the question that the same had not been filed before the court in public session, the judgment appealed from is reversed and the case is remanded to the lower court for further proceedings.

Mr. Justice Córdova Dávila took no part in the decision of this case.